PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CUSTODIO RODRÍGUEZ, Defendant and Appellant.

No. 2662.   Argued May 4, 1926.—Decided July 21, 1926.

*Alfonso Lastra* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A jury found that Custodio Rodríguez had by fraudulent pretences swindled Julio Gómez. The information charged in effect that the defendant by showing a false list induced Gómez to surrender three tenths of a lottery ticket, No. 13708, for the sum of three dollars, when in point of fact the said ticket won a prize and was worth $10,000, so that Gómez would have been entitled to $3,000.

One of the errors alleged is that the defendant never showed Gómez any list whatever. The defendant found Gómez and looking over a paper he visibly had in his

hand told Gómez that he had won $3. Gómez indicated that he would take the defendant's word and in fact never looked at the list. When a man makes a pretence that a paper he holds in his hand contains a certain statement and thereby induces another to forego valuable rights he is showing a list, whether the person defrauded actually fixes his glance on the list or not.

■ Point was made that the list of drawings of the Santo Domingo Lottery was improperly admitted into evidence, inasmuch as it was not duly identified or certified. The evidence of the government tended to show that ticket No. 13708 of a certain lottery had won $10,000. Subsequently the defendant himself showed that the ticket No. 13708 had won $10,000. So that whether the list admitted was duly certified and identified or not its admission was merely cumulative evidence and unimportant. Although the *Fiscal* maintains that the list was duly identified and certified its admission at the utmost was harmless error.

■ The defendant introduced evidence tending to show that ticket No. 13708 was divided, not into tenths, but into halves and was won by other persons. This was a question for the jury and we do not find that the said body of men was moved by partiality or prejudice.

■ Another error alleged relates to the fact that certain witnesses were allowed to testify who did not appear on the back of the information. Permitting additional witnesses to testify, in the absence of abuse, is not error. This we have repeatedly decided and there is nothing to the contrary in *People* v. *Arrocho*, 33 P.R.R. 627, cited by appellant.

Finding no error, the judgment will be affirmed.